IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Reverend WESLEY CARROLL,                )<br>                                                                )<br>                        Petitioner             )<br>                                                                )<br>         vs.                                                )<br>                                                                )<br>G. PURATY, Deputy Clerk of the         )<br>United States Western District Court of )<br>Pennsylvania; MARCIA WALDRON,    )<br>Clerk of the United States Third Circuit )<br>Court of Appeals; and SUSAN (SMA) of )<br>the same Court,                                    )<br>                                                                )<br>                        Respondents        ) | Civil Action No. 09-1509<br><br><br>Judge Arthur J. Schwab/<br>Chief Magistrate Judge Amy Reynolds Hay |

## **REPORT AND RECOMMENDATION**

I.    Recommendation

It is recommended that the petition for mandamus be dismissed pre-service pursuant to the Court's inherent power to control its own dockets and it is further recommended that to the extent Petitioner seeks to file a private criminal complaint, such complaint should likewise be dismissed pre-service.

II.    Report

Wesley Carroll is a prolific pro se litigator and prisoner who has sent to this Court yet one more in a series of filings, which the Court treats as a Petition for "Writ of Mandamus" requesting the Court to issue an order in mandamus to a Deputy Clerk of this Court and to the Clerk of the Court for the United States Court of Appeal for the Third Circuit, as well as another member of that Court's staff. The Court assumes without deciding that the present filing constitutes a true

mandamus petition which would permit the otherwise three struck Petitioner to proceed in forma pauperis to pursue this case. See Madden v. Myers, 102 F.3d 74 (3d Cir. 1996)(holding that true mandamus petitions are not subject to the PLRA). Petitioner complains, as he has done so in many past filings, that the Clerks of the Courts are not complying with their mandatory duties to docket his filings and have refused to supply to Petitioner docket numbers for the many actions. Petitioner also alleges that some of the filings he made addressed judicial corruption and intimated that this Court did not want to deal with such claims. In a unique twist however, in addition to the foregoing petition for mandamus, it appears that Petitioner is trying to also file a private criminal complaint against a State Court trial judge in an wholly unrelated matter, alleging the use of racial epithets which Petitioner takes to be a violation of some unspecified ethnic intimidation federal criminal statute, as well as obstruction of justice, even though the alleged use of the racial epithet was made at an airport to an airport screener and not in any way related to State Judicial proceedings. The Clerk's office received the present filing and docketed it.

    Pursuant to the Court's inherent power to control its own dockets,[1] the Court recommends that this petition be dismissed pre-service. It should be dismissed because it is repetitious of a prior mandamus petition Mr. Carroll sent in to this Court which was dismissed by the Court of Appeals after being transferred there. In re Carroll, 272 Fed.Appx. 148 (3d Cir. 2008). In the alternative, what the Court of Appeals said of the petition for mandamus filed in the previous suit applies equally here and, so, the present petition should likewise be dismissed.

---

[1] See e.g., Chambers v. NASCO, Inc., 501 U.S. 32, 46-47 (1991)(court's inherent power is not displaced by statutes); Stafford v. United States, 208 F.3d 1177, 1179 (10th Cir. 2000) ("we should impose the following filing restrictions using our inherent power to regulate federal dockets, promote judicial efficiency, and deter frivolous filings").

Although we had previously recommended transfer to the Court of Appeals of Prisoner Carroll's earlier petition for mandamus against the Clerk of that Court, in the instant case, rather than clog the Court of Appeals docket with the transfer of a patently frivolous mandamus petition, the Court will simply recommend dismissal of the present petition to the extent it seeks to mandamus employees of the Third Circuit Court as being improperly filed here and attempting to have this Court interfere with the function and operation of the Clerk of the Court of Appeals, something that is more properly addressed to the Court of Appeals.  <u>Trackwell v. U.S. Government</u>, 472 F.3d 1242, 1247  (10th Cir. 2007) (District Court lacks subject matter jurisdiction to issue a mandamus to a Clerk of the United States Supreme Court under 28 U.S.C. § 1361 because "when performing judicial functions, the office of the Clerk is not an agency or department of the United States" as contemplated by the language of 28 U.S.C. § 1361); <u>Soest v. Suter</u>, 1993 WL 529636, at *1 (D.C. Cir. Nov. 19, 1993) (unpublished) ("This court has held that a lower court lacks subject matter jurisdiction to review any action by the Clerk of the Supreme Court."); <u>In re Marin</u>, 956 F.2d 339, 340 (D.C. Cir. 1992) ("The Supreme Court, on the other hand, has inherent supervisory authority over its Clerk. . . . .We believe that this supervisory responsibility is exclusive to the Supreme Court and that neither a district court nor a circuit court of appeals has jurisdiction to interfere with it by mandamus or otherwise.");   <u>Panko v. Rodak</u>, 606 F.2d 168, 170-71 (7th Cir. 1979) ("it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."); <u>Coombs v. Staff Attorneys of Third Circuit</u>, 168 F.Supp.2d 432, 435 (E.D.Pa. 2001) ("review of actions of officers or employees of a court of appeals by a district judge [in a mandamus action] presents serious jurisdictional and practical problems.").  Prisoner Carroll can always file a mandamus petition in the Court of Appeals,

seeking mandamus against the Clerk of that Court, as well as staff of that Court, if he so desires but this Court will not aid him to pursue patently frivolous mandamus actions by transferring this petition (or that part of this petition which seeks mandamus relief against officers of that Court) to the Court of Appeals.

To the extent that he seeks mandamus directed to the Clerk or employees of this Court, we recommend dismissal on two grounds.

First, we recommend dismissal because this present petition is substantially repetitious of his earlier mandamus petition and repetitious litigation is frivolous.  In fact, Prisoner Carroll filed two substantially similar mandamus actions earlier, namely, Carroll v. Court of Common Pleas of Allegheny County, NO. CIV.A. 07-1707, 2008 WL 426272 (W.D.Pa.), as well as Carroll et al v. Barth, No. Civ. A. 09-1465 (W.D. Pa. Filed on 11/3/09), both of which this Court takes judicial notice of.  The 07-1707  case was dismissed pre-service in part insofar as it sought mandamus relief against the State Courts, and transferred in part insofar as it sought mandamus relief against the Judges and Clerk of this Court.  The Court of Appeals dismissed the transferred portion of the case.  In re Carroll, 272 Fed.Appx. 148 (3d Cir. 2008).

"Repetitious litigation of virtually identical causes of action may be dismissed . . .  as frivolous or malicious."  McWilliams v. Colorado, 121 F.3d 573, 574 (10th Cir. 1997)(quotation marks and alteration omitted).  Here, the instant mandamus petition is substantially repetitious of the earlier mandamus petitions, with Carroll again naming a Clerk of this Court and again accusing the Clerk of not filing Prisoner Carroll's many filings, but adding the claim that the Clerk's office will not supply him with docket numbers of his many filings.  While it is true that Prisoner Carroll complains of alleged actions taken or not taken by the District Clerk's office

since the termination of his mandamus petition filed at 07-1707, the allegations are of the same general character, i.e., the District Court Clerk is not filing Carroll's filings and the allegations are very similar to the mandamus action filed at 09-1465.[2] Hence, pursuant to this Court's inherent power to control its docket, the present suit should be dismissed as malicious due to it being repetitious.

Secondly, and in the alternative, what the Court of Appeals held in dismissing the earlier mandamus petition is equally applicable to the instant petition:

> The writ of mandamus is an extraordinary remedy. To justify the Court's use of this remedy, a petitioner must demonstrate that he has a clear and indisputable right to issuance of the writ. Kerr v. United States District Court, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); DeMasi v. Weiss, 669 F.2d 114, 117 (3d Cir. 1982). No such showing has been made in the instant case.
> While Carroll alleges that various documents submitted to the District Court for filing were never entered on the docket and/or ruled upon by the court, and that many were improperly returned to him with letters from court personnel, he fails to submit anything to support these bald assertions. With the exception of one referenced action, petitioner does not so much as provide the civil action number under which the filings were allegedly submitted. Without such support, it is impossible to conclude that Carroll has a clear and indisputable right to mandamus relief, especially when a review of the District Court docket shows that a steady stream of submissions has been filed in his various civil actions.

In re Carroll, 272 Fed.Appx. at 149.   Hence, the current petition should likewise be dismissed as being unsupported by anything other than bald assertions and as being clearly contradicted by the dockets of this Court, which reflect a steady stream of filings by Prisoner Carroll.  Accordingly, the petition should be dismissed as being factually frivolous.

To the extent that Petitioner is complaining of the fact that the Clerk or Clerk's office of this Court is not providing him with docket numbers for all of the cases he has previously filed in

---

[2] The undersigned is filing a report recommending pre-service dismissal of the mandamus petition in 09-1465.

this court, the Court will attach to this report, a copy of a list of all of the cases with docket numbers filed by Petitioner in this Court. To the extent that Plaintiff wants copies of the actual docket sheets of those cases, he is free to seek such copies from the Clerk's Office and upon proper payment of the copying fees, which, at present, is ten cents per page,[3] the Clerk's office will provide the requested docket sheets to him.

To the extent that Petitioner is attempting to file a private criminal complaint in this Court against a State Trial Judge, he may not do so and that part of this case should be dismissed as well. The authority to prosecute violations of federal criminal law resides in the Attorney General of the United States and not in the citizenry. 28 U.S.C. § 515. Accordingly, Petitioner cannot pursue a criminal action against the State Trial Judge and this part of the case is subject to pre-service dismissal as well. Diamond v. Charles, 476 U.S. 54, 64, (1986) (White, J., concurring) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")(quoting Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973)); Cannady v. Rathke, NO. C.A. 09-07S, 2009 WL 335067, at *2 (D.R.I. Feb. 10, 2009) ("a private citizen has no authority to initiate a federal criminal prosecution")(citing, Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989

---

[3] Nor is Petitioner entitled to free copies of such docket sheets and this is true even if he could be granted IFP to pursue any civil actions, had he not earned many more than three strikes. In re Richard, 914 F.2d 1526, 1527 (6th Cir. 1990) (Section 1915 "does not give the litigant a right to have documents copied and returned to him at government expense."); Lewis v. Precision Optics, Inc., 612 F.2d 1074, 1075 (8th Cir. 1980) (rejecting plaintiff's claim that the district court erred in not requiring the government to pay for deposition expenses or copies of records). That Plaintiff, although indigent, must pay for his copies does not offend the Constitution. Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1991) (there is no constitutional right to free photocopies); Harrell v. Keohane, 621 F.2d 1059, 1061 (10th Cir. 1980); Young v. Larkin, 871 F.Supp. 772, 782 n. 19 (M.D.Pa. 1994) (there is no constitutional right to free photocopies), aff'd, 47 F.3d 1163 (3d Cir. 1995) (Table); Dugar v. Coughlin, 613 F.Supp. 849, 853 (S.D.N.Y.1985) (indigent litigants are not entitled to free photo-copies); Buckenburger v. Strain, NO. CIV.A. 06-5670, 2006 WL 4503353, at *5 (E.D.La. Oct. 20, 2006) ("The federal constitution does not require that inmates be afforded free copying services.").

)); Coggins v. Fuller, No. 2:07-cv-709, 2007 WL 2815034, at *1 (M.D.Ala., Sept. 26, 2007)("Coggins also asserts Judge Fuller is guilty of perjury and breaking his oath of office. To the extent Coggins seeks to pursue criminal charges against Judge Fuller, his claims are due to be dismissed because a private citizen cannot institute criminal proceedings in federal court."); United States ex rel. Savage v. Arnold, 403 F.Supp. 172, 174 (E.D.Pa.1975)( "The courts that have faced the issue have concluded that the essential role of the government (i.e., the U.S. Attorney) in the prosecution of criminal violations must of necessity preclude complaints by private citizens.");  Pugach v. Klein, 193 F.Supp. 630, 635 (S.D.N.Y.1961)(holding that there is no "residual power in private citizens to take law enforcement into their own hands when the United States Attorney does not prosecute, for any, or for no reason.").  Hence, pursuant to the Court's inherent power to control its own docket, any purported private criminal complaint brought by Mr. Carroll must be dismissed pre service.

III.    Conclusion

Pursuant to the Magistrates Act, 28 U.S.C.  § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation.  Failure to timely file objections may constitute a waiver of any appellate rights.  Any party opposing objections may file their response to the objections in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,

        */s/ Amy Reynolds Hay*
        Chief United States Magistrate Judge

Dated: 7 January, 2010

cc:    The Honorable
United States District Judge

Wesley Carroll- GE8666
SCI-Waymart
P.O. Box 256
Waymart, PA 18472